IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DEBORAH LAUFER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 120-116 |
| | * | |
| SWAMI OF GEORGIA, LLC, | * | |
| | * | |
| Defendant. | * | |

**O R D E R**

Presently before the Court is Plaintiff's "Motion for Attorney Fees, Costs, Expert Fees and Litigation Expenses." (Doc. 17.) For the following reasons, Plaintiff's motion is **GRANTED**.

**I. BACKGROUND**

On August 19, 2020, Plaintiff initiated the present action against Defendant for violations under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). (Docs. 1, 5.) The Clerk entered default on October 7, 2020. (Doc. 10.) On November 6, 2020, the Court granted Plaintiff's motion for default judgment and stated that upon resolution of the attorney's fees and costs issue, the Court will enter judgment in favor of Plaintiff against Defendant. (Doc. 12.) The Order then instructed Plaintiff to file her application for attorney's fees and costs.

To date, Defendant has not appeared, plead, or otherwise defended this action.

## II. DISCUSSION

With respect to attorney's fees and costs, the ADA provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205. The Court has already determined attorney's fees and costs are justified in this case. (See Doc. 12, at 7.) Thus, the only issue remaining for the Court to determine is what amount of fees and costs is reasonable.

The Eleventh Circuit has adopted the lodestar method for determining reasonable attorney's fees. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The "lodestar" is calculated by "multiply[ing] the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services . . . ." Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006) (citing Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Norman, 836 F.2d at 1299). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated

in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). The Johnson factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 1350 n. 2 (citation omitted).

**A. Reasonable Hourly Rate**

The Court first turns to the reasonable hourly rate. A reasonable rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citation omitted). The "going rate" in the community is the most critical factor in setting the fee rate. Martin v. Univ. of S. Ala., 911 F.2d 604, 610 (11th Cir. 1990). The relevant legal community is the district in which the court sits, here, the Southern District of Georgia, Augusta Division. See Knight v. Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993) (citing Turner v. Sec'y of Air Force, 944 F.2d 804, 808 (11th Cir. 1991)). Because the Court is itself considered an expert on hourly rates

3

in the community, it may consult its own experience in forming an independent judgment. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). This Court has previously determined a reasonable billing rate in the Augusta market is $300 per hour. See Whitesell Corp. v. Electrolux Home Prods., Inc., No. CV 103-050, 2019 WL 1714135, at *2 (S.D. Ga. Apr. 17, 2019) (citations omitted).

Attorney Gillespie seeks an hourly rate of $425.00. The Court finds this rate is unreasonably high. First, this type of ADA litigation is not complex litigation. See Larkin v. Envoy Orlando Holdings LLC, No. 6:15-cv-439, 2015 WL 12857079, at *2 (M.D. Fla. Dec. 21, 2015) ("This is not complex litigation. It is essentially a form practice and no special skill is required."). This was a straightforward ADA lawsuit in which Defendant failed to respond, resulting in default judgment. Moreover, as discussed in detail below, Attorney Gillespie uses the same form complaints and motions in all his cases. Thus, the time and labor required to handle this case was minimal. Given the relevant Johnson factors and the Court's own judgment, the Court finds $325.00 is a reasonable hourly rate.

**B. Reasonable Hours Expended**

Having determined a reasonable hourly rate, the Court now addresses the hours reasonably expended. Fee applicants are required to exercise "billing judgment." Am. Civ. Liberties Union

of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). This means "excessive, redundant, or otherwise unnecessary hours . . . that would be unreasonable to bill to a client" must be excluded. Id. (internal citations and quotations omitted). Although Defendant failed to object to Plaintiff's motion, the Court has a duty not to award excessive attorney's fees and expenses. See Id. ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them. . . . Courts are not authorized to be generous with the money of others . . . .").

According to Plaintiff's "Bill of Costs" and "Timesheet," Attorney Gillespie billed 15.8 hours in this case. (See Docs. 17-2, 17-9.) A review of the line item entries reveals excessive billing. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins, 548 F.3d at 1350. Since the billing record in this case is brief, the Court will conduct an hour-by-hour analysis. See Loranger, 10 F.3d at 783 (finding where fee application is voluminous, an across-the board cut is more appropriate).

First, the Court addresses a recurring issue throughout Attorney Gillespie's billing: many of the time entries consist of clerical or secretarial work. "[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney

5

undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." Norman, 836 F.2d at 1306; see also For Play Ltd. v. Bow to Stern Maint., Inc., No. 05-22002-CIV, 2006 WL 3662339, at *7 (S.D. Fla. Nov. 6, 2006) (finding "the great majority of courts within the Eleventh Circuit" have determined that clerical or secretarial work is not compensable). This Court has previously determined that filing is clerical work. See Martin v. Augusta-Richmond Cnty., Ga., Comm'n, No. CV 112-058, 2012 WL 5950408, at *7 n.4 (S.D. Ga. Nov. 28, 2012)("Work that is clerical or secretarial in nature, such as gathering, copying, mailing, and filing documents is not separately compensable as attorney's fees." (citations omitted)). Thus, Plaintiff is not entitled for fees for the following work: 0.4 hours on August 26, 2020 described as "Receive and file Affidavit of Service" and 0.4 hours on September 15, 2020 described as "Receive and file Affidavit of Service." (See Doc. 17-9.) Additionally, five other billing entries include time for filing. As the Court explains further below, these entries will be reduced.

Now the Court will conduct an hour-by-hour analysis beginning with the drafting of the initial complaint. Attorney Gillespie entered 2.5 hours of billing for drafting and filing the summons and complaint. This seems excessive given the fact that counsel has essentially filed the same boiler-plate complaint on behalf of

6

Plaintiff over twenty times in the Southern District alone.[1] The Court has compared the complaint in this case to other complaints filed on behalf of Plaintiff in this District and found they are identical except for the paragraph identifying the defendant and the alleged ADA violations of the website the defendant utilizes. The Court finds it is not reasonable that it took counsel 2.5 hours to make these small revisions. See Houston v. S. Bay Invs. # 101, LLC, No. 13-80193-CV, 2013 WL 3874026, at *2 (S.D. Fla. July 25, 2013) (reducing compensable hours requested because "[g]iven the similarities between the instant complaint and complaints Plaintiff filed in previous and contemporaneous cases, the Court doubts counsel could reasonably spend eighty-four minutes preparing the Complaint"); Fox v. The Marquis Corp., No. 08-81264-CIV, 2010 WL 1010871, at *5 (S.D. Fla. Mar. 15, 2010) (finding 1.2 hours claimed for drafting complaint excessive because "counsel use[s] the same form filings in all the ADA cases [he] bring[s]"). Thus, the time for drafting the complaint should be reduced to 1.0 hour. Attorney Gillespie also billed 1.4 hours for amending and filing an amended complaint that corrected the named defendant. Billing 1.4 hours to update the name of the defendant is excessive.

---

[1] Plaintiff has also filed a similar complaint in 62 cases in the Northern District of Georgia and 17 cases in the Middle District of Georgia.

Thus, the time for drafting the amended complaint shall be reduced to 0.25 hours.

Moreover, Attorney Gillespie billed 2.9 hours for drafting and filing Plaintiff's motion for attorney's fees. As this Court has already made clear, time for filing is not compensable. Additionally, after reviewing the docket of many cases Plaintiff cited to in her motion for attorney's fees, Plaintiff's motion for attorney's fees is also boiler-plate.[2] Thus, billing 2.9 hours for minor additions and revisions is excessive. The time for drafting the motion for attorney's fees shall be reduced to 1.5 hours. For the same reasons, the 2.5 hours claimed for drafting and filing Plaintiff's motion for default judgment shall be reduced to 1.0 hour.

Next, Attorney Gillespie billed 0.9 hours for drafting and filing Plaintiff's motion for clerk's entry of default. Since filing is not compensable and the two-sentence motion was a standard filing, the time shall be reduced to 0.3 hours. Counsel also billed 0.3 hours for "review[ing] clerk's entry of default." The Court finds spending 18 minutes reviewing a standard filing on the docket unreasonable, especially given Attorney Gillespie's experience. Thus, this time shall be reduced to 0.1 hours.

---

[2] See e.g., Pl.'s Mot. for Att'y Fees, Kennedy v. Avadhoot, LLC, No. 4:19-cv-211 (N.D. Ga. Dec. 16, 2019), ECF No. 8; Laufer v. Jetset Hosp., LLC, No. 1:20-cv-1192 (D.D.C. Aug. 18, 2020), ECF No. 11.

Finally, the Court has concerns with the amount of time claimed for determining the name and address of the corporate owner of the hotel at issue. Attorney Gillespie claims he spent 1.6 hours researching the name and address of the corporate owner[3], then another 0.9 hours discussing transfer and ownership of said hotel with the original misnamed defendant, and then 0.9 hours reviewing documents of said ownership transfer. In total, Attorney Gillespie spent 3.4 hours determining the correct party to sue. In Fox the Court determined "computerized searches for the subject property's ownership" were not the type of searches "typically conducted by a senior partner." Fox, 2010 WL 1010871, at *5. Instead, this is the type of work typically done by a paralegal or associate attorney and should be billed accordingly. Although the Court does not know Attorney Gillespie's status at the firm, he is the lead attorney on this case and others filed in the District. Thus, the Court finds this time excessive. Accordingly, the time billed for researching the name and address of the corporate hotel shall be reduced to 1.0 hour and the time researching and reviewing ownership documentation shall be reduced to 0.5 hours. The Court leaves the time requested for discussing transfer and ownership of said hotel with the original misnamed defendant as is.

---

[3] Even given this time, Plaintiff still failed to name the correct Defendant in her initial complaint. (See Docs. 1, 5.)

In short, Plaintiff requested compensation for a total of 15.8 hours. For the reasons stated above, the Court finds 7.65 hours to be reasonable.[4]

## C. Calculation of the Loadstar

As stated above, to determine the loadstar, the Court multiplies the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services. See Neptune Designs, 469 F.3d at 1359. Multiplying 7.65 hours, the number of hours the Court determined were reasonably expended by counsel, by $325.00 per hour, the reasonable hourly rate, results in a lodestar amount of $2,486.25.

## D. Expert Fees, Costs, and Expenses

Plaintiff also seeks $400.00 for filing fees; $280.00 for process server costs; $650.00 for initial investigation fee; and $650.00 for reinspection fee. (Doc. 17-2.) The first two are taxable costs under 25 U.S.C. § 1920 and are granted. See Kennedy v. Three J's L.L.P., No. 2:16-cv-214, 2018 WL 1036989, at *7-8 (M.D. Fla. Feb. 6, 2018), *report and recommendation adopted*, 2018 WL 1010838 (M.D. Fla. Feb. 22, 2018). Moreover, the Court finds the initial investigation fee to be reasonable and awards the

---

[4] Attorney Gillespie also billed 0.3 hours for reviewing the Court's Order regarding default judgment, 0.5 hours for the initial pre-suit investigation, and 0.3 hours for researching whether Defendant was a party to any prior ADA lawsuits. The Court finds these entries are reasonable and grants them in full.

10

amount requested. See Hansen v. Deercreek Plaza, LLC, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) ("A prevailing ADA plaintiff may recover expert fees as a litigation expense." (quoting Lovell v. Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002)).

However, the Court finds the requested $650.00 reinspection fee unreasonable given its lack of justification in Plaintiff's motion. Although Plaintiff cites to other district courts that have awarded such fees to ensure post-judgment compliance, Plaintiff has not explained what this reinspection will entail and why $650.00 is appropriate. See Harty v. Bapuji, Inc., No. 8:10-cv-2720, 2012 WL 2044970, at *5 (M.D. Fla. May 17, 2012), *report and recommendation adopted*, 2012 WL 2050373 (M.D. Fla. June 6, 2012) (denying reinspection fee because plaintiff failed to submit "a proposed invoice or any documentation to identify the hourly rate or anticipated time such reinspection would take"). Further, this fee can be distinguished from many cases where reinspection fees have been awarded. Here, the expert is not inspecting the actual premises of the hotel at issue for ADA compliance. Instead, the expert is conducting a mere internet search. See Cusson v. Illuminations I, Inc., No. 1:11-cv-00087, 2013 WL 103225, at *6 (N.D. Fla. Jan. 7, 2013) (awarding $350.00 reinspection where expert was required to visit hotel property to ensure ADA modification had been completed); Harty v. Mal-Motels, Inc., No. 6:10-cv-1333, 2012 WL 6541873, at *9 (M.D. Fla. Nov. 26, 2012),

*report and recommendation adopted*, 2012 WL 6535212 (M.D. Fla. Dec. 14, 2012) (finding $1,000.00 re-inspection fee excessive, even where expert had to visit property to ensure post-suit compliance). Thus, the requested inspection fee is denied.

Accordingly, the Court awards $1,330.00 in expert fees and costs.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's "Motion for Attorney Fees, Costs, Expert Fees and Litigation Expenses" (Doc. 17.) is **GRANTED** to the extent detailed in this Order. Plaintiff is awarded the sum of $2,486.25 for reasonable attorney's fees and the sum of $1,330.00 for costs and expert fees for a total award in the sum of $3,816.25. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of January, 2021.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```